## Case No. 4,766.

### FIELD v. GIBBS et al.

[Pet. C. C. 155.][1]

Circuit Court, D. New Jersey. Oct. Term, 1815.

WASHINGTON, Circuit Justice. The question for the consideration of the court is, whether the matter stated in the plea to the first count, is sufficient. in point of law, to bar the plaintiff from recovering upon the judgment set forth in that count. Upon examining the record of this judgment, it appears by the declaration, that Martin and Joel Gibbs. were attached to answer the plaintiff. in that suit; and both of the defendants appeared by John P. Ripley, their attorney, and pleaded several pleas. In every succeeding stage of that cause, until

[1] [Reported by Richard Peters, Jr., Esq.]

the judgment was rendered, it is stated in the record, that both defendants appeared by the same attorney. The question then is, can the defendant, Martin Gibbs. plead in bar of the count on this judgment, that he was not served with process, and did not appear in the cause, or authorise any person to appear for him? The general rule of law, to which I know of no exception, is, that nothing can be assigned for error, nor can any averment be admitted, which contradicts a record. "A record," says Lord Coke (Co. Litt. 260), "imports in itself such uncontrollable credit and verity, that it admits of no averment, plea. or proof to the contrary; for otherwise there would never be an end of the controversy."

If then, the present suit had been brought in a court of the state of Pennsylvania, there could have been no doubt as to the insufficiency of this plea; because it alleges facts, which are in direct opposition to the record. See the cases in 2 Bac. Abr. 219. Is there any difference where the action is brought in one state, upon a judgment rendered in another? I think not. In the case of Green v. Sarmiento [Case No. 5,760], which was tried in the Pennsylvania. circuit court, in October, 1810, the court decided, that a judgment rendered in one state, is conclusive between the parties in every other state; precisely in like manner as it would be, had a suit been brought upon the judgment in a court of the state. where that judgment was rendered. The opinion given in that case, proceeded upon the ground, that the act of congress of the 26th May, 1790 [supra], was intended to carry into effect, that part of the first section of the fourth article of the constitution, which declares, "that congress may, by general laws, prescribe the manner in which the public acts, records, and judicial proceedings of the different states, should be proved, and the effects thereof" as evidence.

The constitution declares. that they shall be entitled "to full faith and credit;" and consequently, no law was necessary or would have been proper, to make them evidence. The law therefore in using the words, "full faith and credit," must have meant to express the effect, to which they were to be entitled in other states. Such is declared by the title of the law to be the design of it. If, to use the words of Lord Coke again, a record imports in itself such uncontrollable credit and verity, that it admits of no averment, plea, or proof to the contrary; and on this account, nothing would be heard in a Pennsylvania court, in contradiction to this record; can it be said, that a New Jersey court, in allowing this plea. gives to the judgment such faith and credit. as would be given to it in the state of Pennsylvania? It is impossible that this can be seriously asserted. But what, it may be asked, is to be done. if the judgment has been obtained against a person, residing out of the state, who was never served with process, or even notified of the existence of the suit, in which it was rendered.[2] I answer, that his remedy is the same, and no other, as would be open to him, if the suit had been brought in the state, where the judgment was rendered. The court in which the judgment was given, would upon motion, accompanied by sufficient proof, stay the execution, and set aside the judgment. Most certainly, if the attorney, who, without authority, entered the appearance, be not clearly able to answer in damages for the injury he has occasioned, the parties will be responsible. That the attorney in such case, is liable for such damages, there can be no doubt.

If the judgment was entered by default, for non-appearance upon a false return of the officer, the officer is liable. The injury complained of in this case, might have resulted, if the defendant had lived in Pennsylvania, and this suit been brought there; but he could not have pleaded the same matter in bar of the action on the judgment, which he has pleaded in this suit; nor can a sound reason be given, why it can be pleaded in this court. I am therefore of opinion that the plea to the first count is bad, and that judgment upon that count must be for the plaintiff.

Judgment for the plaintiff.

[2] See the case of Borden v. Fitch, 15 Johns. 121, where the principles decided in this case are discussed with great ability.

